**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Kimberly Gonzales,

                    Plaintiff,

          v.

Ax Beauty Brands Global LLC,

                    Defendant.

Case No. 2:25-cv-10383-PD

**INITIAL STANDING ORDER**

**PLEASE READ THIS ORDER CAREFULLY.  IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to the calendar of Magistrate Judge Patricia Donahue.  Both the Court and counsel bear responsibility for the progress of this litigation in federal court.  To "secure the just, speedy, and inexpensive determination" of this case, as called for in Federal Rule of Civil Procedure 1, all parties or their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's Orders.

**THE COURT ORDERS AS FOLLOWS**:

Judge Donahue's Procedures web page is incorporated in this Order. The parties and counsel are ORDERED to review and comply with those procedures and notices, which may be accessed at: https://apps.cacd.uscourts.gov/Jps/honorable-patricia-donahue.

## I.   FILING OF CIVIL CASES

The initiating documents (e.g., complaints and notices of removal) of most civil cases must be e-filed.  *See* Local Rule 3-2.

## II.   SERVICE OF THE COMPLAINT

Service is governed by Federal Rule of Civil Procedure 4.  The plaintiff shall promptly serve the complaint in accordance with Rule 4 and file the proofs of service.  Although Rule 4(m) allows 90 days for service of the summons and complaint, the Court expects service to be effectuated more promptly.  The Court will require plaintiffs to show good cause to extend the service deadline beyond 90 days.

## III.   CASES REMOVED FROM STATE COURT

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be refiled in this Court as a supplement to the notice of removal.  *See* 28 U.S.C. § 1447(b).  If the defendant has not yet answered or filed a pre-answer motion, the defendant's answer or motion must be filed in this Court and must comply with the Federal Rules of Civil Procedure and the Local Rules.  If a motion was pending in state court before the case was removed, it must be re-noticed for hearing in accordance with Local Rule 6-1.  Counsel shall file with their first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If the complaint, answer, or any similar pleading in an action that is removed to this Court consists of only a form pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of the filing of the Notice of Removal. The new pleading must comply with the requirements of Federal Rules of Civil Procedure 7 through 11.

## IV.   STATUS OF FICTITIOUSLY NAMED DEFENDANTS

Generally, in conformity with Federal Rule of Civil Procedure 15(c)(1)(C), real parties in interest shall be identified and substituted for "Doe" defendants within the 90-day time limit set forth in Rule 4(m). Where the Court issues a scheduling order that sets an earlier deadline for the filing of motions to add parties or amend pleadings, that deadline must be met. Plaintiffs seeking to substitute parties after the earlier of these two dates must establish good cause to do so. *See* Fed. R. Civ. P. 4(m).

## V.   APPLICATIONS TO SEAL

Counsel are directed to consider carefully whether to seek leave to file documents under seal. Applications must in all instances be supported by good cause, and at times are subjected to an even higher standard. Most of the time, documents may not be filed under seal in their entirety, and appropriately redacted documents must still be filed on the public docket.

When seeking leave to file any material under seal in a civil case, the parties and counsel are directed to comply with Local Rule 79-5.

Counsel are reminded that there is a strong presumption that the public has a right of access to records in civil cases. For materials related to non-dispositive motions, the Designating Party must show good cause for the materials to be filed and maintained under seal. For materials related to dispositive motions, the standard is higher, and the Designating Party must

articulate compelling reasons for maintaining the confidentiality of the document(s) and must seek relief that is narrowly tailored to the protected interest. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 667-79 (9th Cir. 2010).

## VI.    MOTIONS

### A.    Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 7.  This Court hears motions on Fridays, beginning at 10:00 a.m.  It is not necessary to clear a hearing date with the Court Clerk before filing a motion in a civil case.

### B.    Pre-Filing Requirement to Meet and Confer

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."  Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.  Counsel should resolve minor procedural or other non-substantive matters during the conference.  This provision applies even to self-represented parties; there is no exception to this rule for parties who appear *pro se*.

### C.    Limitations on Briefing

Limitations on the length of briefs are specified in Local Civil Rule 11-6.1.  A certification of compliance is required as set forth in Local Rule 11-6.2.  In addition, because reply briefs should by their nature be shorter than motion and opposition briefs, the Court imposes an additional limitation on reply briefs, limiting those to 4,200 words rather than 7,000 words.  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.  No supplemental briefs may be filed without

prior leave of court.

### D.    Supporting Evidence

Parties shall not proffer evidence other than the specific items of evidence or testimony in support of or in opposition to a motion.  For example, the parties should provide excerpts rather than entire deposition transcripts or entire sets of interrogatory responses.  Where a motion must be supported by **admissible** evidence, authenticity must be established by stipulation of the parties, declaration, or other appropriate means.

### E.    Citations to Legal Authority

Citations to legal authority should include pinpoint citations to specific page(s), section(s), and subsection(s) referenced.  Citations to secondary sources such as treatises, manuals, and other materials should include the volume, section, and page(s) cited.

### F.    Artificial Intelligence

Any party who uses generative artificial intelligence (such as ChatGPT, Harvey, CoCounsel, or Google Bard) to generate any portion of a brief, pleading, or other filing must attach to the filing a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations.

## VII.    SPECIFIC MOTIONS

### A.    Rule 12 Motions

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for pleading deficiencies that could be corrected by amendment.  *See Chang v. Chen*, 80

5

F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment).  Moreover, a party has the right to amend the complaint "once as a matter of course" within 21 days after service of the answer or Rule 12(b) motion.  Fed. R. Civ. P. 15(a)(1)(A)-(B).

### B.   Motions to Amend

In addition to meeting the requirements of Local Rule 15-1, counsel shall attach as an appendix to the moving papers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material. All motions to amend pleadings shall:  (1) state the effect of the amendment and (2) identify the page and line number(s) and wording of any proposed change or addition of material.  The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings (e.g., "Second Amended Complaint" or "Third Amended Answer and Counterclaims").  If leave to amend is granted, the filing party must comply with Local Rule 15-1 through 15-3 in filing the amended pleading.

## VIII. NOTICE OF THIS ORDER

Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case was removed from state court, the removing defendant(s) shall serve this Order on all other parties.


IT IS SO ORDERED.


Dated:  03/02/2026                          PATRICIA DONAHUE
                                            United States Magistrate Judge